UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN A. MARTIN,<br><br>          Plaintiff,<br><br>vs.<br><br>MATTHEW CATE, et al.,<br><br>          Defendants | Case No. 1:10 cv 01509 LJO GSA PC<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br><br>OBJECTIONS DUE IN THIRTY DAYS |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.     Allegations**

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Centinela State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran, where the event at issue occurred. Plaintiff names the following individual defendants:  CDCR Secretary Matthew Cate; former

Governor Schwarzenegger; Warden D. G. Adams; Correctional Counselor M. Gonzales; Correctional Counselor M. Cisneros; Correctional Counselor L. Nelson; Associate Warden K. Comaites; Chief Deputy Warden R. Davis; Chief, Inmate Appeals Branch S. Amenway.

Plaintiff claims that Defendants have prevented him from the free exercise of his religious belief in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff alleges that he is married and that he and his wife are Christians.[1] Plaintiff is serving a sentence of life without the possibility of parole plus one year.

On March 5, 2009, Plaintiff filed an inmate grievance, CDC From 602, "informing the department that he was being prohibited from having sexual-intercourse family visits with his wife behind prison walls." Plaintiff supported his request with quotes from the bible and reference to RLUIPA. The grievance was denied at the informal level by Defendant Gonzales on March 13, 2009. Defendant Cisneros denied the grievance at the First Level of Review on April 8, 2009. On August 19, 2009, Plaintiff's grievance was denied at the Second Level of Review. Plaintiff's grievance was ultimately denied at the Final, Director's Level of Review. Plaintiff's grievance was denied on the ground that, as a prisoner with a life sentence, his is ineligible for conjugal visits.[2]

///

///

---

[1] Plaintiff indicates that he is bringing this action on his own behalf and on behalf of his wife. Pro se litigants have no authority to represent anyone other than themselves. See Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008)(non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997)(parent or guardian cannot bring suit on behalf of minor child); Cato v. United States, 70 F.3d 1103, 105 n.1 (9th Cir. 1995)(non-attorney party may not represent other plaintiffs). The Court will therefore consider this as an action brought by Plaintiff Steven A. Martin proceeding pro se as the sole Plaintiff. The Court will not consider any claims or allegations by Yolanda Martin.

[2] Title 15 of the California Code of Regulations, Section 3177 (b)(2) prohibits conjugal visits for inmates serving a sentence of life without the possibility of parole, or a sentence without a parole date established by the Board of Parole Hearings.

II.     Claims

    A. First Amendment

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . .prohibiting the free exercise" of religion U.S. Const., Amend. I.  Any assertion that § 3177 runs afoul of that clause is defeated by the U.S. Supreme Court's decision in Employment Division v. Smith, 494 U.S. 872 (1990).  There, the Court held that generally-applicable laws that incidentally burden a religious practice do not violate the Free Exercise Clause.  494 U.S. 878; Cutter v. Wilkinson, 544 U.S. 709, 714 (2005).  Because section 3177 does not prohibit conjugal visitation solely for Muslim life inmates, but all life inmates regardless of religion, it does not violate the Free Exercise Clause.  Turner v. Safley, 482 U.S. 78, 95 (1987)(holding that a prison inmate retains those constitutional rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the correctional system); Noguera v. Rowland, No. 90-15404, 1991 WL 148766 (9th Cir. July 29, 2991)(holding that a condemned inmate's claim to a right to conjugal visits under the Free Exercise Clause failed because the inmate could not "show that the prison regulation prohibiting conjugal visits for condemned inmates is not rationally related to a valid penological interest.")    Plaintiff's sole claim is that he has been denied a request for conjugal visits.  The complaint clearly indicates that Plaintiff is serving a sentence of life without parole.  This claim should therefore be dismissed.

    B.     RLUIPA

As relevant here, RLUIPA provides that "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2).  "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." Id. §2000cc-5(7)(A).  A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise.  San Jose Christian College v. City of Morgan Hill, 360

F.3d 1024, 1034-35 (9th Cir. 2004).

Neither the U.S. Supreme Court nor the Ninth Circuit has yet addressed whether a sincerely held religious belief necessitating conjugal visits must be accommodated under RLUIPA.  In Shields v. Foston,, No. 2:11-cv-0015 JAM EFB, 2013 WL 3456964 (E. D. Cal. Jul. 9, 2013), the court surveyed the district court decisions addressing the question.    See  Pouncil v. Tilton, 704 F.3d 568 (9th Cir. 2012)(addressing a statute of limitations issue but not the merits in a case challenging denial of conjugal visits under RLUIPA.) Fuller v. Cate, 481 Fed. Appx. 413 (9th Cir. 2012)(concluding that the attachments to plaintiff's complaint demonstrated that the prohibition on conjugal visits for LWOP inmates did not substantially burden plaintiff's right to enter into a valid Islamic marriage).  The lower courts that have addressed the issue appear, thus far, to uniformly conclude that such beliefs must give way to the need for institutional security.  Robertson v. Kansas, No. 07-3162-SAC, 2007 WL 4322781 (D. Kan. Dec. 10, 2007)(summarily denying Plaintiff's claim for conjugal visits under RLUIPA because such visits would burden prison officials and present security risks); Marsh v. Granholm, No. 2:05-cv-134, 2006 WL 2439760 (W. D. Mich., Aug. 22, 2006)(granting summary judgment on plaintiff's RLUIPA claim because: (1) plaintiff, a murder convict, raised particular security concerns regarding his continued incarceration, (2) plaintiff's incarceration was at odds with his request to engage in private heterosexual procreation, and (3) the denial of  conjugal visits was the least restrictive means of furthering the government's interest in institutional safety).

The Foston  court notes that courts have consistently held that loss of sexual intimacy with a spouse is simply "part  and parcel" of imprisonment. Gerber v. Hickman, 291 F.3d 617, 620-22; see also  Turner v. Safley, 482 U.S. 78, 97 (1987)("The right to marry, like many other rights, is subject to substantial restrictions as a result of incarceration."); Hernandez v. Coughlin,

4

18 F.3d 133,137(2nd Cir. 1994)("[E]ven though the right to marriage is constitutionally protected for inmates, the right to marital privacy and conjugal visits while incarcerated is not."); Lucas v. Tilton, No. 1:08-cv-00515 AWI GSA, 2010 WL 431737 (E.D. Cal. Feb. 2, 2010)(concluding that the balance of equities did not support plaintiff's request for a preliminary injunction allowing Plaintiff to have a conjugal visit with his wife "because the loss of intimate association is a well-known aspect of being imprisoned for conviction of a crime.").

Plaintiff does not allege any facts indicating that Defendants in any way prohibited him from entering into a valid marriage under California law. Plaintiff levels a conclusory allegation that CDCR policy is unconstitutional and in violation of RLUIPA. The issue in this matter is clear. Plaintiff alleges that he was denied a conjugal visit because of his status as life prisoner. Plaintiff alleges that the denial was pursuant to state regulation, and that Plaintiff was informed that the denial was based upon the regulation and security concerns of the institution. That Plaintiff was denied a conjugal visit does not state a claim for relief under RLUIPA.

### III.     Conclusion and Recommendation

Plaintiff's complaint does not state any cognizable claims under section 1983 or RLUIPA. Plaintiff's claims arise from the denial of his request for a conjugal visit on the ground that, as an inmate serving a sentence of life without parole, he is ineligible for conjugal visits. Such a claim does not state a claim for relief under the First Amendment or RLUIPA. Because the Court finds that this deficiency is not capable of being cured by amendment, the Court HEREBY RECOMMENDS dismissal of this action, with prejudice, for failure to state a claim. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Tile 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1152 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 31, 2014**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE